**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

LOCAL 333 OF THE INTERNATIONAL
LONGSHOREMEN'S ASSOCIATION;
CLIFTON G. GROSS, individually and
in the capacity of Vice President of
International Longshoremen's
Association,

*Plaintiffs-Appellants,*

and

DOUGLAS F. WAGNER, JR.,
individually and in the capacity of
President of International
Longshoremen's Association,

*Plaintiff,*

v.

INTERNATIONAL LONGSHOREMEN'S
ASSOCIATION, AFL-CIO; RICHARD P.
HUGHES, JR., individually and in the
capacity of General International
Vice President, International
Longshoremen's Association;
HORACE T. ALSTON, individually and
in the capacity of International Vice
President, International
Longshoremen's Association;
INTERNATIONAL LONGSHOREMEN'S
ASSOCIATION, LOCAL 2066, AFL-
CIO; STEAMSHIP TRADE
ASSOCIATION OF BALTIMORE,
INCORPORATED,

*Defendants-Appellees.*

No. 01-1638

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Benson E. Legg, District Judge.
(CA-99-2653-L)

Argued: December 6, 2001

Decided: January 10, 2002

Before WILKINS and WILLIAMS, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

**ARGUED:** Joel Allen Smith, KAHN, SMITH & COLLINS, P.A.,
Baltimore, Maryland, for Appellants. Ernest Lewis Mathews, Jr.,
GLEASON & MATHEWS, P.C., New York, New York, for Appel-
lees. **ON BRIEF:** Travis M. Mastroddi, KAHN, SMITH & COL-
LINS, P.A., Baltimore, Maryland, for Appellants. James R.
Rosenberg, ABATO, RUBENSTEIN & ABATO, P.A., Baltimore,
Maryland, for Appellees Alston, Hughes, and Local 2066; Gil A.
Abramson, HOGAN & HARTSON, Baltimore, Maryland, for Appel-
lee Trade Association.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

---

**OPINION**

PER CURIAM:

This case involves a dispute between a local labor union and its
parent organization. The International Longshoremen's Association,

Local 333, AFL-CIO (Local 333), which serves the Port of Baltimore, declined to load and unload certain kinds of cargo which were reserved to it under a collective bargaining agreement (the Cargo Agreement) with the Steamship Trade Association of Baltimore, Incorporated (the STA), a multi-employer association that negotiates and administers collective bargaining agreements on behalf of its employer members—stevedores, freight forwarders, and steamship lines. As a result, these cargos were being handled by non-union labor or diverted to other ports.

In response, Local 333's parent organization, the International Longshoremen's Association, AFL-CIO (the ILA), chartered a new local, Local 2066, to recapture the lost work. After it was unable to overturn the ILA's decision to charter Local 2066 through internal union procedures, Local 333 filed this action on August 31, 1999 against the ILA in the United States District Court for the District of Maryland.*

On September 16, 1999, Local 333 filed a motion for a temporary restraining order and/or preliminary injunction, asking the district court to enjoin Local 2066 from bargaining until the legality of its creation could be adjudicated. The following day, the district court denied Local 333's motion for a temporary restraining order. After a hearing, Local 333's motion for a preliminary injunction was denied. Local 333 appealed to this court on an interlocutory basis, and, on June 6, 2000, this court affirmed the district court's denial of a preliminary injunction. *Int'l Longshoremen's Ass'n, Local 333, AFL-CIO v. Int'l Longshoremen's Ass'n, AFL-CIO*, No. 99-2548, 2000 WL 724168 (4th Cir. June 6, 2000) (unpublished).

---

*The plaintiffs in the lawsuit are Local 333 and Clifton Gross, its president and member. Plaintiff Douglas Wagner, Jr. was president of Local 333 when the action originated. Wagner has since left office and has not joined in this appeal. Gross was an original plaintiff in the lawsuit as a member and vice-president of Local 333. The defendants are the ILA, Local 2066, the STA, Richard Hughes, an elected officer of the ILA, and Horace Alston, a member of Local 333 and an elected officer of the ILA. For ease of reference, we will refer to the plaintiffs as Local 333 and the defendants as the ILA.

While the appeal to this court was pending, Local 333 filed an amended complaint. Distilled to its essence, Local 333's amended complaint asserts three categories of claims: (1) claims brought under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, to enforce provisions of the ILA constitution and the Cargo Agreement (Counts One, Two, and Three); (2) a claim under § 8(b) of the National Labor Relations Act, 29 U.S.C. § 158(b), for breach of the duty of fair representation (Count Four); and (3) claims alleging infringement of Local 333's rights under Title I of the Labor Management Reporting and Disclosure Act of 1959 (LMRDA), 29 U.S.C. §§ 411-415 (Counts Five through Nine).

On June 22, 2000, the ILA filed a motion for summary judgment, which the district court granted as to all claims on March 30, 2001. With regard to the claims asserted in Counts One and Two, the district court held that these claims lacked merit because the ILA's interpretation of its own constitution was entitled to deference absent bad faith or arbitrariness and there was no evidence in the record of bad faith or arbitrariness. With regard to the claim asserted in Count Three, the district court held that this claim lacked merit because Local 333 failed to exhaust its administrative remedies. With regard to the breach of the duty of fair representation claim asserted in Count Four, the district court held that the duty of fair representation was not implicated because the ILA was neither acting as the representative of Local 333, nor processing a grievance or negotiating a contract with an employer when the ILA chartered Local 2066. Because the duty of fair representation was not implicated, the district court did not address the issue of whether the ILA breached that duty. With regard to the claims asserted in Counts Five through Nine, the district court held that Local 333 lacked standing under the LMRDA and, in any event, the claims lacked merit. Local 333 noted a timely appeal.

On appeal, Local 333 only takes issue with the district court's grant of summary judgment in favor of the ILA on its claim of breach of the duty of fair representation. According to Local 333, the ILA breached its duty of fair representation when it chartered Local 2066.

Upon reviewing the parties' briefs and the applicable law, and having had the benefit of oral argument, we find no reversible error. Accordingly, we affirm on the reasoning of the district court. *Int'l*

*Longshoremen's Ass'n, Local 333, AFL-CIO v. Int'l Longshoremen's Ass'n, AFL-CIO*, No. 99-CV-2653 (D.Md. March 30, 2001).

*AFFIRMED*